**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**ALEXANDER OLDAKER,**

      **Plaintiff,**

**v.**                            **Civil Action No. 2:21-CV-14
                                       (JUDGE KLEEH)**

**LOWE'S HOME CENTERS, LLC,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
REGARDING PRIOR SIMILAR INCIDENTS [ECF NO. 20]**

    Presently pending before the Court is Plaintiff's Motion to Compel Discovery Responses regarding Prior Similar Incidents [ECF No. 20] from Lowe's Home Centers, LLC, filed on January 5, 2022. Also, the Court is in receipt of Defendant's response in opposition, thereto [ECF No. 23], filed on January 19, 2022. Finally, the Court is in receipt Plaintiff's reply [ECF No. 24] in support of his motion, filed on January 26, 2022.

    By Order [ECF No. 21] dated January 5, 2022, United States District Judge Thomas S. Kleeh referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

    On January 28, 2022, the undersigned Magistrate Judge conducted a hearing on the subject motion [ECF No. 20], and took the parties' arguments under advisement.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    During his employment by Defendant, Plaintiff alleges that on May 31, 2019, he was crushed underneath a riding lawn mower while loading it onto a customer's truck, and while utilizing dual ramps at an excessive angle as directed and required by Defendant. Plaintiff alleges

that this violated the owner's manual for the mower, on which Plaintiff alleges he was never trained or shown. Plaintiff alleges that Defendant intentionally exposed him to unsafe working conditions. He brought this action on May 19, 2021.

Plaintiff served his First Set of Interrogatories and Request for Production of Documents on October 6, 2021. By these discovery requests, he sought information from Defendant about prior similar incidents which involve loading/unloading of mechanized equipment, including lawnmowers, onto customer vehicles, resulting in injury or death.

After receiving Defendant's Answers and Responses to his discovery requests, Plaintiff's counsel sent a "meet and confer" letter to Defendant. Eventually, counsel agreed to limit the temporal scope of these requests to five years prior to the incident here, but there was an impasse as to two discovery requests. Those specific discovery requests are: (1) Interrogatory No. 2, asking to identify whether Defendant had been a party in previous suits as a result of loading and/or unloading of mechanized equipment, with full description of the incident(s), and (2) Request for Production No. 27, seeking copies of all citations and investigative files of alleged citations and/or violations of any safety, health, and/or environmental protection regulations and/or rules related to injury/death as a result of loading and/or unloading mechanized equipment onto customer vehicles.

By his motion, Plaintiff seeks information concerning prior similar occurrences for five (5) years prior to the subject incident, specifically where:

- Any such injury/death resulted from a similar occurrence (loading a riding mower with a ramp onto a vehicle);
- A riding mowers and ramp(s) were involved;
- Defendant sold the mower;
- Defendant was involved in loading the mower; and
- There was an allegation of Defendant being at fault for the injury/death.

## II. ANALYSIS

Defendant objects to providing the requested information for incidents that involved customers or other third-parties rather than employees. It argues that Plaintiff has mischaracterized the requested information as "similar" and thus this information is not within the scope of discovery. Defendant argues this information is not relevant to its knowledge of unsafe working conditions because working conditions implicate the employer-employee relationship which have nothing to do with third party non-employees.

Plaintiff argues that given the permissive nature of the discovery rules, Defendant should be compelled to provide information requested concerning similar incidents. Under the pertinent rule:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The undersigned finds Plaintiff's argument to be persuasive, particularly in light of the narrowed discovery requests. The main inquiry is whether Defendant had actual knowledge of unsafe working conditions that presented a high degree of risk and harm and, if it had such knowledge, what Defendant did with that knowledge.  Incidents occurring under similar conditions would have provided notice to Defendant of a potentially dangerous issue, regardless of who the injured party was, or what that party's relationship to Defendant was.

Although Defendant disagrees with the characterization of such events as "similar," the undersigned finds that Plaintiff's requests concern information about like circumstances. Put

another way, prior incidents under similar conditions resulting in injury or death would have provided Defendant with notice as to the possible risk or harm, regardless of whether the injured party was an employee or non-employee. The information sought within the requests is within the scope of permissible discovery, as is bears on whether Defendant had actual knowledge of the risk presented by the allegedly dangerous working conditions.

### III. CONCLUSION

Based on the foregoing, and as set forth more particularly herein, Plaintiff's motion is hereby **GRANTED** to the extent which Plaintiff seeks responsive, non-privileged information regarding prior similar conditions under which injury occurred for five (5) year prior to the subject incident, as more narrowly articulated in Plaintiff's reply brief, and as set forth in the hearing before the undersigned and in this Order, above.

It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: February 1, 2022**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE