```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ALEXANDER OLDAKER,**

      **Plaintiff,**

**v.**                                    **Civil Action No. 2:21-CV-14**
                                                  **(Judge Kleeh)**

**LOWE'S HOME CENTERS, LLC,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS
AND AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING MOTION TO COMPEL**

Pending before the Court are Defendant's Objections [ECF No. 30] to the Magistrate Judge's Order [ECF No. 26] granting Plaintiff's Motion to Compel Discovery [ECF No. 20]. This Court stayed that Order pending resolution of Defendant's Objection. [ECF No. 42]. Plaintiff requested information and documents related to other incidents arguably like the incident giving rise to Plaintiff's claims here. Defendant objected arguing the requested information is not sufficiently similar to be discoverable. For the reasons set forth herein, Defendant's Objections to the Magistrate Judge's Order are **OVERRULED**.

      **I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff brings a personal injury action against his then-employer for so-called "deliberate intent" under West Virginia Code § 23-4-2. See generally Compl., ECF No. 1. Specifically, on May 31, 2019, Plaintiff alleges he was crushed beneath a riding mower while loading the machine on a customer's truck. He claims

his employer directed and required the use of dual ramps at an excessive angle contrary to the mower's owner's manual. Plaintiff also alleges he was never trained on the manual.

During ongoing discovery, Plaintiff requested information from Defendant about prior "similar" incidents involving loading or unloading mechanized equipment, including lawnmowers, onto customer vehicles resulting in injury or death. Defendant initially objected to the requests. Fulfilling their mutual "meet and confer" obligation, counsel had agreed to limit the temporal scope of the requests to the five-year period preceding Plaintiff's incident.[1] A dispute remained on two requests: (1) Plaintiff's Interrogatory No. 2 which requested Defendant identify whether it had been a party in any previous litigation arising from loading or unloading mechanized equipment and (2) Request for Production No. 27 which sought copies of all citations and investigative files of alleged citations and/or violations of any safety, health, and/or environmental protection regulations and/or rules related to injury or death arising from loading or unloading mechanized equipment onto customer vehicles.

---

[1] Although a requirement under the applicable Rules, the Court notes its appreciation for counsel's obvious and earnest effort to thoughtfully discuss the dispute and resolve the matter without Court involvement.

Plaintiff filed a Motion to Compel related to that dispute. Therein, he sought information related to prior similar incidents for the preceding five (5) years specifically where:

- Any such injury or death resulted from a similar occurrence (loading a riding mower with a ramp onto a vehicle);
- A riding mower and ramps were involved;
- Defendant sold the mower;
- Defendant was involved in loading the mower; and,
- A party alleged Defendant was at fault for the injury or death.

That motion was fully briefed, and the Magistrate Judge heard argument on the question. In his Reply brief, Plaintiff more narrowly tailored the scope of the disputed request to include:

1. The identification and description of prior lawsuits filed against Lowe's during the 5- year period preceding the subject incident arising from injuries and/or death caused during the loading of a riding mower onto a vehicle with a ramp(s).

2. The production of citations issued to Lowe's during the 5- year period preceding the subject incident for any citation or violation of a governmental safety and health regulation or law arising from an injury or death sustained during the loading of a riding mower onto a vehicle with a ramp(s).

3. The production of Lowe's investigative file during the 5-year period preceding the subject incident for any alleged citation or violation of a safety and health regulation or law arising from an injury or death sustained during the loading of a riding mower onto a vehicle with a ramp(s).

ECF No. 24 at 1. The Magistrate Judge granted Plaintiff's motion finding the requested information within the boundaries of permissible discovery. ECF No. 26.

## II. APPLICABLE STANDARD

This Court referred the instant discovery dispute to the Magistrate Judge pursuant to 28 U.S.C. 636(b)(1). On non-dispositive matters, such rulings can **only** be disturbed if the reviewing court finds the Magistrate Judge's order is "clearly erroneous or contrary to law." Id.; Fed. R. Civ. P. 72(a). "A court's finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Patrick v. PHH Mortgage Corp., 298 F.R.D. 333, 335-36 (N.D.W. Va. 2014) (Groh, J.) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). "In light of the broad discretion given to a magistrate judge in the resolution of non-dispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." Shoop v. Hott, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010) (Stamp, J.). "As other courts have noted, this standard of review affords great deference to the magistrate judge." United States v. Hackett, No. 1:11CR51, 2011 WL 5244695, at *1 (N.D.W. Va. Nov. 2, 2011) (Keeley, J.).

As this Court is required to assess whether the Magistrate Judge is clearly erroneous or contrary to law, a review of the applicable discovery standard is appropriate. Rule 26(b)(1) permits parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

This Court, specifically Magistrate Judge Aloi, has expounded on the scope of Rule 26.

> To be discoverable, information must be relevant. "Relevance for discovery purposes [, however] is defined more broadly than relevance for evidentiary purposes." Kidwiler v. Pregressive Paloverde Ins. Co., 192 F.R.D. 193 (N.D.W. Va. March 30, 2000); see also, Hickman v. Taylor, 329 U.S. 495, 501 (1947). Information is relevant "if it 'bears on, or ... reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" Id.; see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Moreover, "'[r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.' Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purpose."

> Furthermore, "control over pretrial discovery is within the discretion of the trial court." <u>King v. McCown</u>, 831 F.2d 290 (4th Cir. 1987) (table).

<u>Taylor v. Wallace Auto Parts & Servs., Inc.</u>, No. 2:19-CV-27, 2019 WL 13096506, at *5 (N.D.W. Va. Oct. 11, 2019) (Aloi, M.J.).

### III. ANALYSIS

To sustain a claim for excess damages against an employer under W. Va. Code § 23-4-2, a plaintiff must demonstrate:

> (i) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (ii) That the employer, prior to the injury, had **actual knowledge** of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition.
>
> (I) In every case **actual knowledge** must specifically be proven by the employee or other person(s) seeking to recover under this section, and shall not be deemed or presumed …
>
> (II) **Actual knowledge** is not established by proof of what an employee's immediate supervisor or management personnel should have known had they exercised reasonable care or been more diligent.
>
> (III) Any proof of the immediate supervisor or management personnel's knowledge of **prior accidents**, near misses, safety complaints or citations from regulatory agencies must be proven by documentary or other credible evidence.

> (iii) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer.
>
> …
>
> (iv) That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the person or persons alleged to have **actual knowledge** under subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>
> (v) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.
>
> . . .

W. Va. Code § 23-4-2(d)(2)(B) (emphasis added). A plaintiff in a deliberate-intent action bears the burden to show that his or her "supervisor ... or another management employee[ ] actually knew" of the unsafe working condition that allegedly resulted in his or her injury. FirstEnergy Generation, LLC v. Muto, 832 S.E.2d 58, 63 (W. Va. 2018). In granting the underlying motion to compel, the Magistrate Judge found the requested information to be discoverable with respect to whether Defendant, as Plaintiff's employer, had "actual knowledge of the existence of the specific unsafe working condition," W. Va. Code § 23-4-2(d)(2)(B)(ii), and, as the Magistrate Judge stated, "what Defendant did with that

knowledge." ECF No. 26 at 3; see also W. Va. Code § 23-4-2(d)(2)(B)(iv) ("the person or persons alleged to have actual knowledge under subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition ...").

In its objection to that order, Defendant focuses on Plaintiff's requests for incident information related to non-employees.[2] Defendant has failed to demonstrate the Magistrate Judge has committed clear error or that his ruling is contrary to law. Initially, Defendant endeavors to draw similarities between the Rule 26(b)(1) discovery standard and Federal Rule of Evidence 404(b)'s admissibility standard. That argument is unavailing. Defendant concedes the different applicability of the two rules but then contends non-employee incidents would be irrelevant under Rule 404(b) and, therefore, outside the bounds of discovery. Relevancy is not the question presented here. See Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

---

[2] The Court addresses Defendant's Objection as a challenge under Rule 26(b)(2)(C)(iii) which incorporates the discovery boundaries of Rule 26(b)(1). Defendant does not object on grounds the disputed discovery is burdensome or expensive, Fed. R. Civ. P. 26(b)(2)(C)(i), or Plaintiff had ample opportunity to obtain the information by discovery, Fed. R. Civ. P. 26(b)(2)(C)(ii). ECF No. 30. The burden, of course, rests with the objecting party.

The relevant statutory elements, specifically (ii) and (iv), require Plaintiff to offer evidence of "actual knowledge." See W. Va. Code § 23-4-2(d)(2)(B)(ii) & (iv). The statutory language is quite specific with respect to a plaintiff's "actual knowledge" burden in several ways such as the requirement it be proven with "documentary or other credible evidence." W. Va. Code § 23-4-2(d)(2)(B)(ii)(III). However, the deliberate intent statute does not limit Plaintiff's potential proof, and by extension, discovery, to knowledge imparted by incidents involving **only** employees. Deliberate intent claims are limited to employees – discovering the employer's state of mind is not so restricted. State of mind evidence is, quite often, only available through circumstantial evidence. See, e.g., Syl. Pt. 2, Nutter v. Owens-Illinois, Inc., 550 S.E.2d 398, 399 (W. Va. 2001). The knowledge at issue is that of the employer and what can be considered to populate that universe of knowledge is not limited by statute so much so that discovery should be foreclosed as to non-employee events or incidents of a similar, temporal nature.[3]

The Supreme Court of Appeals of West Virginia has been quite clear that evidence of prior similar incidents may be used for the

---

[3] Of course, the Court is mindful of the different analysis under the Rules of Evidence for such evidence. That decision is for another day including whether any limiting jury instructions may be appropriate. Here, the relatively low discoverability threshold is much easier to clear.

purpose of proving deliberate intention. See Smith v. Apex Pipeline Servs., Inc., 741 S.E.2d 845, 855 (W. Va. 2013) ("[W]hile a plaintiff may choose to introduce evidence of prior similar incidents or complaints to circumstantially establish that an employer has acted with deliberate intention . . .") (quotations and citation omitted); see also Long v. M&M Transp., LLC, 44 F. Supp.3d 636, 643 (N.D.W. Va. 2014) (Groh, J.). As Judge Copenhaver has explained,

> Indeed, cases addressing the "actual knowledge" requirement have focused on factors such as (1) whether any prior injuries had occurred because of the condition; (2) whether the employer previously had been cited by government officials for the violation; and (3) whether there had been any prior complaints that would have put the employer on notice of the high degree of risk and strong probability of serious injury or death created by the condition.

Baisden v. Alpha & Omega Coal Co., LLC, No. CIV.A. 2:11-079, 2012 WL 259949, at *9 (S.D.W. Va. Jan. 27, 2012). Although not required to sustain a deliberate intent claim, this Court has also specifically recognized evidence of prior similar incidents as an appropriate proof scheme for the actual knowledge elements of the statute. See Nestor v. Century Steel Erectors, Inc., No. 1:11-CV-26, 2012 WL 3834875, at *6 (N.D.W. Va. September 4, 2012) (Keeley, J.) (citing Ryan v. Clonch Indus., 639 S.E.2d 756, 765 (W. Va. 2006) and Syl. Pt. 2, Nutter, 550 S.E.2d at 399).

These cases all predate the most recent legislative changes to W. Va. § 23-4-2. "Notably, the West Virginia Legislature made substantial changes to the deliberate intent statute in 2015. These changes included specific parameters as to what evidence will constitute 'actual knowledge.'" Blaniar v. Sw. Energy Co., No. 5:20-CV-169, 2022 WL 611005, at *4 (N.D.W. Va. Mar. 1, 2022) (Bailey, J.). Specifically, the amendments abrogated prior Supreme Court of Appeals' holdings which permitted presumed or imputed knowledge as opposed to the statutorily mandated actual knowledge standard. See id. at *5 (relying on analysis from the Circuit Court of Marion County, West Virginia). The 2015 legislative action mandated certain **evidentiary** (not discovery) requirements including "[a]ny proof of the immediate supervisor or management personnel's knowledge of prior accidents … must be proven by documentary or other credible evidence." W. Va. Code § 23-4-2(d)(2)(B)(ii)(III). The amendments did not limit possible evidence of actual knowledge to prior incidents involving employees only. As Southern District of West Virginia Magistrate Judge Tinsley more recently, and after the 2015 substantive legislative amendments, noted the deliberate intent statute does not "restrict the relevance of prior incidents to the specific location, machine, or circumstances under which the employee was allegedly injured. Interpreting an older version of the deliberate-intent statute, the West Virginia Supreme Court of

11

Appeals has in fact considered a prior incident occurring at another facility in determining whether the employer had actual knowledge of the unsafe working condition." Parsons v. Pactiv, LLC, No. 2:20-CV-183, 2021 WL 1986424, at *2 (S.D.W. Va. May 18, 2021) (quotations and citation omitted).

In summary, Defendant's position that discovery of alleged prior incidents that could bear upon the "actual knowledge" elements of W. Va. Code § 23-4-2 should be limited to employees only is tenuous particularly under Rule 26's rubric and lenient parameters. An employer's knowledge of a specific unsafe working condition can arise from a variety of sources, settings, and incidents especially in a retail setting as present here. The statutory language provides no support for Defendant's argument Plaintiff should be limited to employee incidents on this issue. Moreover, the case law analyzing the various versions of the deliberate intent claim offers Defendant no help either. The Court finds no clear error or ruling contrary to law in the Magistrate Judge's decision. Defendant's Objection is **OVERRULED**.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Objection [ECF No. 30] is **OVERRULED**. The Court's prior Order [ECF No. 42] staying the Magistrate Judge's Order is **VACATED**. Defendant is **ORDERED** to produce the following responsive, non-privileged information

within thirty (30) days of entry of this Order or pursuant to any agreement reached by the parties, whichever is later:

1. The identification and description of prior lawsuits filed against Lowe's during the 5- year period preceding the subject incident arising from injuries and/or death caused during the loading of a riding mower onto a vehicle with a ramp(s).

2. The production of citations issued to Lowe's during the 5-year period preceding the subject incident for any citation or violation of a governmental safety and health regulation or law arising from an injury or death sustained during the loading of a riding mower onto a vehicle with a ramp(s).

3. The production of Lowe's investigative file during the 5-year period preceding the subject incident for any alleged citation or violation of a safety and health regulation or law arising from an injury or death sustained during the loading of a riding mower onto a vehicle with a ramp(s).

    It is so **ORDERED**.

    The Clerk is directed to forward this Order to all counsel of record and any unrepresented parties.

    **DATED**: May 5, 2022

                                              _____
                                              THOMAS S. KLEEH, CHIEF JUDGE
                                              NORTHERN DISTRICT OF WEST VIRGINIA